UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DESHARD WRIGHT,

                Petitioner,

    v.                                                      9:16-CV-0910
                                                                   (GLS)

MICHAEL CAPRA,

                Respondent.

---

APPEARANCES:                                    OF COUNSEL:

DESHARD WRIGHT
96-B-2470
Petitioner, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

GARY L. SHARPE
Senior United States District Judge

# DECISION and ORDER

## I. INTRODUCTION

Petitioner Deshard Wright filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 25, 2016. Dkt. No. 1, Petition ("Pet.").[1] For the reasons that follow, the petition is transferred to the Second Circuit Court of Appeals.

## II. DISCUSSION

### A. The Petition

Petitioner challenges a 1996 judgment of conviction in Oneida County Court of second-degree murder, second-degree attempted murder, and criminal possession of a

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system (ECF).

weapon in the second degree. Pet. at 1. Petitioner states that the Appellate Division, Fourth Department affirmed his conviction, and that the New York Court of Appeals denied leave to appeal. *Id.* at 2-3. Petitioner also states that he filed a post-conviction motion for a writ of error coram nobis which was denied by the Appellate Division. According to petitioner, the Court of Appeals denied leave to appeal the denial of his coram nobis motion. *Id.* at 3-4.

Petitioner raises the following grounds for relief: (1) appellate counsel was ineffective for failing to "raise ineffective assistance where trial counsel failed to call exculpatory witnesses"; and (2) appellate counsel was ineffective for failing to "raise ineffective assistance of trial counsel where counsel failed to object to improper/inflammatory summation." *Id.* at 5-8. He asks that this Court to reverse "the Appellate Court's decision" or "immediately vacate petitioner's conviction" and release petitioner. *Id.* at 15. For a more complete statement of petitioner's claims, reference is made to the petition.

### B.     Petitioner's prior habeas petition

On or about March 18, 2001, petitioner filed a petition pursuant to 28 U.S.C. § 2254 in the Western District of New York, which was later transferred to this Court in April 2002. *Wright v. Duncan*, No. 9:02-CV-0508 (GLS/VEB), Dkt. No. 2, Petition; Dkt. No. 4, Order. On May 24, 2002, at the Court's direction, petitioner filed an amended petition. Dkt. No. 6, Amended Petition.

On July 31, 2007, Judge Victor E. Bianchini recommended that the amended petition be granted based on petitioner's claim that the exclusion of exculpatory evidence deprived him of a fundamentally fair trial. 02-CV-0508, Dkt. No. 26, Report and Recommendation. Respondent filed objections to the Report and Recommendation, raising new arguments in

opposition to the petition. 02-CV-0508, Dkt. No. 29, Respondent's Objections. This Court subsequently requested a supplemental report and recommendation to address the issues advanced by respondent. 02-CV-0508, Dkt. No. 30, Order. On April 14, 2008, Judge Bianchini issued a supplemental report and recommendation, in which he again recommended that the amended petition be conditionally granted on due process grounds. 02-CV-0508, Dkt. No. 31, Supplemental Report and Recommendation. On March 28, 2011, this Court rejected the Magistrate's recommendation and order insofar as it conditionally granted petitioner's amended petition, and otherwise adopted it insofar as the remaining claims in the amended petition were dismissed. 02-CV-0508, Dkt. No. 26, Memorandum-Decision and Order; *see also Wright v. Duncan*, 31 F. Supp.3d 378 (N.D.N.Y. 2011).

Petitioner was granted a certificate of appealability and, on October 15, 2012, the Second Circuit Court of Appeals affirmed this Court's judgment denying and dismissing petitioner's amended habeas petition. 02-CV-0508, Dkt. No. 40, Mandate; *see also Wright v. Duncan*, 500 F. Appx. 36 (2d Cir. 2012).

Almost four years later, on or about June 3, 2016, petitioner filed a motion for appointment of counsel. 02-CV-0508, Dkt. No. 41, Motion. In a text order dated June 7, 2016, this Court denied petitioner's request for counsel and reiterated that petitioner's habeas petition was denied in its entirety in 2011 and that "[t]his action is no longer pending in this Court." 02-CV-0508, Dkt. No. 42, Text Order. The Order went on to advise petitioner that if he "wants to challenge the same underlying conviction at issue in this closed action, he must obtain an order from the Second Circuit Court of Appeals authorizing this Court to consider a second or successive petition pursuant to 28 U.S.C. 224(b)(3) and (4)." *Id.*

3

**C.     Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4 (c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam) ("Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it."); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003) (holding that the authorization requirement under the AEDPA "is jurisdictional and therefore cannot be waived.").

Petitioner's current petition is second or successive because, even though he has

4

raised new claims of ineffective assistance of appellate counsel, he is challenging the same judgment of conviction that he challenged in his previous habeas petition, which was denied and dismissed in 2011. *Wright,* 31 F. Supp.3d 378. As this Court previously advised petitioner, (02-CV-0508, Dkt. No. 42), when a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the appropriate Circuit Court pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52. Accordingly, the Court will transfer this petition to the Second Circuit for review.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

July 26, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge

5